UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAKARTA GROGAN | CIVIL ACTION NO. 6:12-cv-02659 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| TRITON DIVING SERVICES, LLC AND W&T OFFSHORE INC. | BY CONSENT OF THE PARTIES |

### RULING ON MOTION

Currently pending is the motion for summary judgment (Rec. Doc. 69) that was filed by the third-party defendants, Offshore Rental, Ltd. d/b/a Tiger Tanks, Tiger Rentals, Ltd. d/b/a Tiger Safety, and The Modern Group GP-Sub, Inc.  This motion seeks dismissal of the third-party demands filed against the movants by defendants Triton Diving Services, LLC (Rec. Doc. 45) and W&T Offshore, Inc. (Rec. Doc. 49). The motion is unopposed.  Oral argument was set to be heard on September 24, 2014 during the pretrial conference.  There being no opposition to the motion, however, the oral argument is CANCELLED.  For the reasons fully explained below, the motion is GRANTED.

### Background

The plaintiff, Jakarta Grogan, was employed by Tiger Rentals, Ltd. d/b/a Tiger Safety and assigned to a pipeline recommissioning job for W&T Offshore Inc. when,

on December 18, 2011, he was allegedly injured while attempting to make a transfer in a Billy Pugh personnel basket from the M/V TRITON ACHIEVER to the fixed Vermilion 279A platform located in the Gulf of Mexico. Mr. Grogan sued W&T, and he also sued the owner and operator of the vessel, Triton Diving Services, LLC. In turn, W&T and Triton both asserted contractual defense and indemnity claims against Offshore Rental, Ltd. d/b/a Tiger Tanks, Tiger Rentals, Ltd. d/b/a Tiger Safety, and The Modern Group GP-Sub, Inc., under the terms of a Master Service Contract between W&T and Offshore Rental Ltd. d/b/a Tiger Tanks,[1] dated September 26, 2007 ("the MSC"), alleging that the three third-party defendants are related, successor, or affiliated companies bound by the MSC. Triton also contended that it was owed insurance coverage under the MSC. In the instant motion, the third-party defendants argued that the party to the MSC and Mr. Grogan's employer are separate, distinct, and unaffiliated companies, making the MSC inapplicable to this lawsuit and mandating dismissal of the third-party demands.

---

[1] The party to the MSC is shown in the contract as "Offshore Rental Ltd. dba Tiger Tanks," while Triton's third-party demand names "Offshore Rental Ltd. f/k/a Tiger Tanks," W&T's third-party demand names "Offshore Rentals Ltd. d/b/a Tiger Tanks," and the entity that answered the third-party demands and now seeks summary judgment is "Offshore Rental, Ltd. d/b/a Tiger Tanks." The undersigned finds that the minor variations in these company names is inconsequential. Similarly, the undersigned finds that the reference in the affidavit of Richard David Lacombe (Rec. Doc. 69-8) to "Tiger Safety Rentals, Ltd." is a reference to the same company known as "Tiger Rentals, Ltd. d/b/a Tiger Safety."

## Analysis

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[2] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[3]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[4] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[3] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[4] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

existence of a genuine issue of a material fact.[5] All facts and inferences are construed in the light most favorable to the nonmoving party.[6]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[7] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[8]

Based on the undisputed evidence presented by the third-party defendants in support of their motion, the Court finds (1) that the company that employed Mr. Grogan and performed work on W&T's pipeline recommissioning project is Tiger Rentals, Ltd. d/b/a Tiger Safety ("Tiger Safety"); (2) that the company that is a party to the MSC is Offshore Rental Ltd. d/b/a Tiger Tanks ("Tiger Tanks"); (3) that Tiger Safety and Tiger Tanks are separate, independent, and unaffiliated companies; and (4) that Tiger Safety is not bound by the terms and conditions of the MSC. Accordingly, the MSC has no applicability to the accident on which this lawsuit is

---

[5] *Id*.

[6] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[7] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[8] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

based. Therefore, the third-party defendants' motion for summary judgment is GRANTED, and the third-party demands of Triton (Rec. Doc. 45) and W&T (Rec. Doc. 49) are DISMISSED WITH PREJUDICE.

Signed at Lafayette, Louisiana on this 11th day of September 2014.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE