UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JAKARTA GROGAN | CIVIL ACTION NO. 6:12-cv-02659 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| TRITON DIVING SERVICES, LLC AND W&T OFFSHORE INC. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

This matter comes before this Court pursuant to 28 U.S.C. §636(c). Jurisdiction is premised upon 28 U.S.C. §1333. The plaintiff alleges that he was injured in an accident that occurred while he was working offshore. His employer's insurer intervened in the suit to recover worker's compensation benefits. The two defendants filed cross-claims for contractual defense and indemnity against each other, and one defendant filed a third-party demand against the employer's insurer for contractual indemnity. The plaintiff and the intervenor settled their claims and the third-party demand was dismissed. Therefore, currently pending and remaining to be resolved are the cross-claims for contractual defense and indemnity that were asserted by the defendants, Triton Diving Services, LLC and W&T Offshore, Inc., Triton's motion for summary judgment on that same issue (Rec. Doc. 67), and W&T's related motion for partial summary judgment regarding the plaintiff's status as an invitee (Rec. Doc. 71). Both motions are opposed, and oral argument was held on September

24, 2014.  For the reasons set forth below, the Court finds that genuinely disputed issues of material fact preclude the entry of summary judgment in favor of either party, and both motions for summary judgment are DENIED.

A.    **BACKGROUND**

The plaintiff, Jakarta Grogan, was employed by Tiger Rentals, Ltd. d/b/a Tiger Safety and assigned to work on board the M/V TRITON ACHIEVER on a pipeline recommissioning job for W&T when, on December 18, 2011, he was allegedly injured while attempting to make a transfer in a Billy Pugh personnel basket from the M/V TRITON ACHIEVER.  In his complaint, Grogan alleged that the transfer was being made from the vessel to the fixed Vermilion 279A platform located in the Gulf of Mexico.  There is some evidence, however, that the injury might have occurred when Grogan was being transferred from the M/V TRITON ACHIEVER to another crew boat that was to have taken him back to the dock.  Grogan sued W&T, and he also sued Triton, the owner and operator of the vessel.

The defendants' cross-claims for contractual defense and indemnity are based on the terms of the indemnity provisions included in a Master Service Contract between W&T and Triton dated April 7, 2008 ("the MSC.")  The resolution of the cross-claims may be reduced to a single issue.  If Grogan was Triton's invitee at the time of the injury, the MSC requires Triton to defend and indemnify W&T, but if

Grogan was W&T's invitee, the MSC requires W&T to defend and indemnify Triton.

**B.     THE STANDARD FOR ANALYZING A MOTION FOR SUMMARY JUDGMENT**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[1]  A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[2]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that demonstrate the absence of genuine issues of material fact.[3]  If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[4]  All facts and inferences are construed

---

[1]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[2]  *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson*, 477 U.S. at 252; *Hamilton*, 232 F.3d at 477.

[3]  *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[4]  *Washburn*, 504 F.3d at 508.

in the light most favorable to the nonmoving party.[5]

## C. THE LANGUAGE OF THE MSC

The MSC contains reciprocal defense and indemnity provisions, which provide in pertinent part:

> 5.1    Contractor [Triton] shall release, indemnify, protect, defend and hold W&T Group harmless from and against any and all claims in respect of personal or bodily injury to. . . any member of Contractor Group in any way, directly or indirectly, arising out of, connected with, incident to, or resulting from or relating to the performance of the contract or the use by Contractor Group, or their presence on, any premises or property owned, operated, chartered or controlled by W&T Group or used for transportation of Contractor Group property or personnel, in any way, directly or indirectly, arising out of, connected with, incident to, or resulting from or relating to the performance of the contract . . . .
>
> * * * * *
>
> 5.3    W&T shall release, indemnify, protect, defend and hold Contractor Group harmless from and against any and all claims in respect of personal or bodily injury to. . . any member of W&T Group in any way, directly or indirectly, arising out of, connected with, incident to, or resulting from or relating to the performance of the contract . . .[6]

The MSC defines the term "Contractor Group" as "Contractor [Triton], its parent, subsidiary and affiliated companies, and their respective parents, subsidiary

---

[5]    *Brumfield*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[6]    Rec. Doc. 67-4 at 3.  These paragraphs are set forth in the MSC in all upper case type. For ease of reading, the upper case type was omitted here.

and affiliated companies, and all of their respective officers, directors, representatives, employees and invitees on the Work sites and insurers of all of the foregoing."[7]

The MSC defines the term "W&T Group" as "W&T, its parent, subsidiary and affiliated or related companies, its and their working interest owners, co-lessees, co-owners, partners, farmors, farmees, joint operators, and joint venturers, if any, and all of their respective officers, directors, representatives, employees and invitees on the Work sites and insurers of all of the foregoing."[8]

The MSC, which states that it is governed by the general maritime law of the United States or alternatively by Texas law, does not define the term "invitee." The term "Work sites," used as the modifier of "invitees" in the definition of the respective groups, is also not defined. However, "Work" is defined to include "the services, work and/or goods to be performed or furnished by Contractor from time to time for W&T, as mutually approved and agreed to in advance by Contractor and W&T . . ."[9]

Triton argues that Grogan was W&T's invitee and therefore contends that

---

[7]   Rec. Doc. 67-3 at 1.

[8]   Rec. Doc. 67-3 at 1.

[9]   Rec. Doc. 67-3 at 1.

W&T owes Triton defense and indemnity for Grogan's claims arising out of his alleged accident and injuries. W&T argues that Grogan was Triton's invitee, and therefore, argues that Triton owes W&T defense and indemnity. Alternatively, W&T argues that Grogan was the invitee of both Triton and W&T, negating either party's defense and indemnity obligations.

### D.   GENUINELY DISPUTED ISSUES OF MATERIAL FACT

Whether Triton owes defense and indemnity to W&T and whether W&T owes indemnity to Triton are questions of law.[10] But resolving those legal questions requires the resolution of a threshold factual issue, i.e., whether Grogan and his employer, Tiger, were the invitees of Triton or of W&T. Triton takes the position that Grogan and Tiger were W&T's invitees while W&T takes the position that Grogan and Tiger were Triton's invitees. While both parties contend that the facts pertaining to this issue are undisputed, their contentions are belied by the factual disagreements in their respective briefs and the factual contents of their exhibits.

By way of example, there are disputes as to whose work was being performed, as well as for whose benefit the work was being performed, who had control of the vessel, whether it was chartered or not, whether Triton was the occupant of the vessel

---

[10] *Becker v. Tidewater, Inc.*, 586 F.3d 358, 369 (5th Cir. 2009) ("The interpretation of a contractual indemnity provision is a question of law. . . ."), citing *Weathersby v. Conoco Oil Co.*, 752 F.2d 953, 956 (5th Cir.1984) (per curiam).

to the exclusion of W&T, whether Triton or W&T was obligated to provide the work being performed by Grogan's employer, and the nature of the contractual relationship and billing arrangements between Grogan's employer and W&T.

The undersigned therefore finds that whether Grogan was W&T's invitee or Triton's invitee is a genuinely disputed issue of material fact. Until this factual issue is resolved, neither the issue of whether W&T owes indemnity to Triton nor the issue of whether Triton owes indemnity to W&T can be resolved. Therefore, neither party is entitled to summary judgment in its favor, and both pending motions for summary judgment (Rec. Docs. 67 and 71) are DENIED.

As agreed to by the parties at the time of oral argument, however, the matter will be submitted for decision on the merits based on the evidence, briefs, and arguments submitted by counsel in support of their respective positions on the summary judgment motions.

Signed this 7th day of October 2014 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE